IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| FAITH KINDRED, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> NATIONAL RAILROAD PASSENGER ) <br> CORPORATION, *d/b/a AMTRAK*; ) <br> CITY OF YEMASSEE; and JOHN DOES 1–3, ) <br> ) <br> Defendants. ) <br> _____) | No. 9:24-cv-01326-DCN <br><br> **ORDER** |

This matter is before the court on defendant City of Yemassee's ("Yemassee") motion to dismiss for failure to state a claim. ECF No. 5. For the reasons set forth below, the court grants the motion and dismisses Yemassee from the action.

**I. BACKGROUND**

Plaintiff Faith Kindred ("Kindred") fell while disembarking from a train operated by defendant National Railroad Passenger Corporation ("Amtrak"). ECF No. 1-1, Compl. ¶ 1. Kindred was traveling on the train from Florida to Ohio when the train stopped at a station that is located in, and owned by, Yemassee. Id. ¶¶ 1, 4. Kindred evidently decided to disembark at the station and asked for assistance in doing so.[1] Compl. ¶¶ 1, 5. After Amtrak employees did not provide the assistance she requested, Kindred attempted to disembark by herself and slipped and fell down the train's steps and

---

[1] Kindred's complaint does not identify the person or persons at whom this request was directed. See Compl. ¶ 1. However, in the next sentence, she indicates that "Defendant Amtrack's [sic] employees disregarded Plaintiff's request." Id. It therefore appears that Kindred requested assistance from Amtrak employees and not Yemassee's employees.

1

onto the station's platform.  Id. ¶¶ 1, 11.  She was injured upon impact with the pavement.  Id. ¶¶ 1, 12.

Kindred filed this case against Amtrak, Yemassee, and the unknown employees who failed to assist her (collectively "defendants"), on January 24, 2024, in the Hampton County Court of Common Pleas.  Kindred v. Nat'l R.R. Passenger Corp., No. 2024-CP-25-00019 (Hampton Cnty. Ct. C.P. Jan. 24, 2024).  She alleges a single cause of action for negligence against all defendants.  See Compl. ¶¶ 14–16.  On March 18, 2024, Amtrak, with the consent of Yemassee, removed the case to this court pursuant to the court's federal question jurisdiction in 28 U.S.C. §§ 1331 and 1349.[2]  See ECF No. 1.  Yemassee moved for dismissal on March 25, 2024.  ECF No. 5.  On April 8, 2024, Kindred responded in opposition, ECF No. 8, to which Yemassee replied on April 15, 2024, ECF No. 10.  As such, the matter is fully briefed and now ripe for the court's review.

## II.  STANDARD

A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint."  Francis v. Giacomelli, 588

---

[2] In Union Pacific Railway Co. v. Myers, the Supreme Court ruled that any case involving a federally chartered railroad corporation is within the district court's federal question jurisdiction.  115 U.S. 1, 11 (1885).  In response, Congress enacted 28 U.S.C. § 1349, which states: "The district courts shall not have jurisdiction of any civil action by or against any corporation upon the ground that it was incorporated by or under an Act of Congress, unless the United States is the owner of more than one-half of its capital stock."  Because Amtrak is a corporation created by an Act of Congress and the federal government owns more than half its stock, ECF No. 1 ¶ 3 (citing 49 U.S.C. § 24101, et seq.), this court has jurisdiction over the claims against Amtrak, see In re Rail Collision Near Chase, Md. on Jan. 4, 1987 Litig., 680 F. Supp. 728, 730 (D. Md. 1987); Henderson v. Nat'l R.R. Passenger Corp., 412 F. App'x 74, 77 (10th Cir. 2011).  The court has supplemental jurisdiction over the claims against the other defendants pursuant to 28 U.S.C. § 1367.

F.3d 186, 192 (4th Cir. 2009) (citations omitted); see also Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Rule 12(b)(6) motion should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support her claim and would entitle her to relief. Mylan Lab'ys, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).

When considering a Rule 12(b)(6) motion, the court should accept all well-pleaded allegations as true and should view the complaint in the light most favorable to the plaintiff. Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir. 1999); Mylan Lab'ys, 7 F.3d at 1134. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

### III.  DISCUSSION

To prevail in her negligence claim against Yemassee under South Carolina law, Kindred must demonstrate (1) Yemassee owed her a duty, (2) Yemassee breached that duty by a negligent act or omission, (3) Kindred suffered damages as a result, and (4) Kindred's damages were caused by Yemassee's breach of duty. See Savannah Bank, N.A. v. Stalliard, 734 S.E.2d 161, 163–64 (S.C. 2012). Under a premises liability theory,

a property owner's duty is determined based on the plaintiff's status at the time she was injured on the property. Fountain v. Fred's, Inc., 871 S.E.2d 166, 171 (S.C. 2022). "An invitee is a person who enters onto the property of another at the express or implied invitation of the property owner," and the owner owes the invitee "the duty of exercising reasonable or ordinary care for his safety." Id. (quoting Sims v. Giles, 541 S.E.2d 857, 861–63 (S.C. Ct. App. 2001)). This may include a duty to warn the invitee of "latent or hidden dangers of which the landowner has knowledge or should have knowledge." Id. (quoting Sims, 541 S.E.2d at 863).

In essence, Yemassee argues that Kindred's allegations do not state a negligence claim against it because, rather than alleging a defective condition on the station's platform itself, Kindred alleges that she fell from the train onto the platform. ECF Nos. 5 at 3–4; 10 at 2. In other words, Kindred alleges that the cause of her fall was some defect on the train or the negligence of Amtrak employees, and because Yemassee is not alleged to own the train or control Amtrak employees, Yemassee does not owe Kindred a duty regarding those conditions. Id. In response, Kindred argues her allegations are sufficient because she alleges that Yemassee "knew that the area where [Kindred] fell was dangerous or created the danger" and "failed to keep [Kindred] safe, to enact policies for the safety of . . . Yemassee's invitees, to warn [Kindred] of dangers on the premises, to ensure that [Kindred] could enter the Premises safely, and to appreciate the distance between the Premises and the train to safely allow passengers to leave the train." ECF No. 8 at 2 (citing Compl. ¶¶ 13, 15). Kindred argues that the allegations in her complaint indicate that "the platform where [she] fell was not properly constructed as [Yemassee]

4

did not appreciate the distance between the Premises and the train and therefore breached its duties and caused or contributed to [her] damages." Id.

The court disagrees with Kindred's characterization of her allegations. Rather than indicating that the platform was improperly constructed, as she argues in her brief, the allegations in her complaint indicate only that her fall was caused by some condition on the train or by the negligence of Amtrak's employees. See Compl. ¶ 1 ("Amtrack's [sic] employees disregarded Plaintiff's request [for assistance], and Plaintiff was forced to exit the train unassisted, causing her to fall down the train's steps and on to the platform." (emphasis added)), 11 ("[D]ue to the negligence of Defendants, Plaintiff tripped and fell from the train's steps and on to the platform while exiting the train.").[3] Moreover, the only places in her complaint where Kindred comes close to indicating a dangerous condition existed on the platform itself are in paragraph thirteen and in parts of paragraph fifteen, see compl. ¶¶ 13, 15, but the allegations in these paragraphs are conclusory and should be disregarded when considering Yemassee's motion, see Iqbal, 556 U.S. at 678–80.

For instance, in paragraph thirteen, Kindred alleges "[t]hat Defendants either knew or should have known that the area where Plaintiff fell presented a danger to persons upon the Premises; or that Defendants created the dangerous condition." Compl.

---

[3] In her response, Kindred cites only five paragraphs from her complaint. See ECF No. 8 at 2 (citing Compl. ¶¶ 4, 7, 11, 13, 15). Of these, paragraphs eleven, thirteen, and fifteen are discussed and quoted in this memo. Paragraphs four and seven—the only other paragraphs Kindred cites in her briefing—allege only that Yemassee owns the station and that Kindred was an invitee at the time of her fall. Compl. ¶¶ 4, 7. Yemassee does not appear to dispute either of these allegations, see ECF Nos. 5 at 3; 10 at 1–2, and they are not helpful in deciding whether Kindred sufficiently alleges a dangerous condition on the platform.

¶ 13.  This allegation is nothing more than a bare recitation of one of the elements of Kindred's cause of action, see Fountain, 871 S.E.2d at 171 ("The landowner has a duty to warn an invitee only of latent or hidden dangers of which the landowner has knowledge or should have knowledge." (quoting Sims, 541 S.E.2d at 863)), and it need not be credited as true for the purposes of Yemassee's motion, see Iqbal, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Similarly, paragraph fifteen reads as follows:

15. The fall and resulting injuries and damages to Plaintiff were caused directly and proximately by one or more of the following negligent, negligent per se, grossly negligent, carless, reckless, willful, wanton, and unlawful acts, and/or omissions of the Defendants in any one or more of the following ways:

   a. In failing to observe the dangerous condition of not honoring disability requests and allowing Plaintiff to walk alone;

   b. In failing to properly keep the Plaintiff safe;

   c. In failing to appreciate the gravity of the dangers associated with having a customer who asked for assistance and abandoning said customer;

   d. Failing to supervise the employees in inadequately assisting Plaintiff;

   e. In failing to enact policies that would ensure the safety of licensees and invitees of the train station owned and operated by Defendant Amtrak and Defendant City of Yemassee's Premises;

   f. In failing and omitting to take any precaution whatsoever of a reasonable nature to protect this Plaintiff from the dangers of not having assistance for Plaintiff;

6

      g.      In failing to adequately warn the Plaintiff as to any dangers that may be present on the train and the Premises;

      h.      In failing to ensure that people may enter the Premises safely;

      i.      In failing to appreciate the distance between the Premises and the train to safely allow passengers to leave the train; and

      j.      In any such manner the Plaintiff may discovery through the discovery process or trial.

Compl. ¶ 15. In this paragraph, Kindred assumes the existence of a dangerous condition on the platform without identifying what that condition was, whether that condition was under Yemassee's control, or how that condition contributed to her fall.[4]

By neglecting to identify any defect <u>under Yemassee's control</u> that caused her fall, Kindred fails to allege that Yemassee owed her a duty under South Carolina law. See <u>Fountain</u>, 871 S.E.2d at 171–72; <u>Dunbar v. Charleston & W.C. Ry. Co.</u>, 44 S.E. 2d

---

[4] In her briefing, Kindred focuses predominately on the allegation in subparagraph (i) and argues that she "has sufficiently alleged that the platform where [she] fell was not properly constructed as [Yemassee] did not appreciate the distance between the Premises and the train and therefore breached its duties and caused or contributed to [her] damages." ECF No. 8 at 2. On its face, however, subparagraph (i) is neither an allegation that the distance between the train and the platform constituted a construction defect nor is it an allegation that this distance caused her fall. See Compl. ¶ 15(i). If Kindred believes that the distance between the train and the platform is the defect which gives rise to Yemassee's duty, she needs to say so. See Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief.").
    Beyond that, to the extent Kindred is alleging that the dangerous condition was created when defendants allowed her to disembark the train unaccompanied, Kindred alleges only that she was refused assistance by Amtrak employees. See Compl. ¶ 1. She does not allege that these employees were under Yemassee's control.
    Finally, Kindred suggests in subparagraph (j) that she plans to identify the source of Yemassee's duty after discovery. Id. ¶ 15(j). Rule 8, however, "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." <u>Iqbal</u>, 556 U.S. at 678–79.

314, 317 (S.C. 1947) (affirming judgment sustaining demurrer of the complaint in a premises liability action against railroad based on defective condition of a railroad crossing when the South Carolina Highway Department, not the railroad, controlled the defective condition at the crossing). As such, Kindred's allegations lack facial plausibility, as they do not "allow[] the court to draw the reasonable inference that [Yemassee] is liable for the misconduct alleged." See Iqbal, 556 U.S. at 678. For this reason, her claim against Yemassee is dismissed.

## IV.   CONCLUSION

For the foregoing reasons, the court **GRANTS** Yemassee's motion to dismiss and **DISMISSES** Yemassee from this case.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**June 5, 2024**
**Charleston, South Carolina**